*270 Affirmed by unpublished opinion. Judge SHEDD wrote the opinion in which Judge WILKINSON joined. Judge DIAZ wrote a separate opinion concurring in part and dissenting in part.
Unpublished opinions are not binding precedent in this circuit.
SHEDD, Circuit Judge:
Anne Collins appeals the district court’s order granting summary judgment in favor of the Baltimore City Board of School Commissioners (“School Board”) on her claims for race and age discrimination. For the following reasons, we affirm.
I.
We view the evidence in the light most favorable to Collins, the non-moving party. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir.2006) (en banc).[1] Collins, an African American who was over 60-years old at all relevant times, worked as a teacher and administrator in the Baltimore City Public School System from 1966 until she retired just before the 2006-07 academic year. During her final year of employment, Collins worked as the Foreign Language Department Head at Patterson High School. Collins also served as Director of Patterson’s Twilight Program, an evening program offered at several schools in the district.
After the 2005-06 school year concluded, Collins wrote to Patterson’s principal, Laura D’Anna, in response to an inquiry about teaching summer school. Collins informed D’ Anna that she did not wish to teach summer school, and she also expressed her opinion that she was overworked and un-derappreciated at Patterson and that she needed “to take this chance to have a new beginning.” J.A. 274. Though Collins did not intend for the letter to be a transfer request, D’ Anna interpreted it that way and informed Human Services Specialist David Bonn that Collins wished to be transferred. She also told Bonn that Collins had taught French in the past, which led Bonn to assume that Collins was certified to teach the subject. Accordingly, Bonn transferred Collins to a French teaching position at Forest Park High School, which paid approximately $3000 per year less than the Department Head position Collins held at Patterson. Although Bonn understood that Collins had requested the transfer, he checked the “demotion” box on the School Board’s Human Resources Change Form because Collins’s new position paid less than her old one. Further, he did not check the box to indicate that the transfer was “voluntary” because Collins had not completed the paperwork required for Bonn to classify the transfer as “voluntary.”
The School Board did not replace Collins as Department Head at Patterson because Patterson phased out that position at the time of Collins’s transfer. Tiffany Clark, an African American in her 30s, replaced Collins as Director of the Twilight Program.
When Collins arrived at Forest Park to begin the 2006-07 academic year, two problems arose. First, Collins was upset that she was assigned to a teaching posi *271 tion instead of a Department Head position. Second, Bonn’s assumption that Collins was certified to teach French was incorrect, and Forest Park had no available positions in subjects Collins was certified to teach. Both Bonn and the Forest Park principal, Loretta Breese, encouraged Collins to file a grievance, and they agreed to allow her to teach French at Forest Park during the pendency of the grievance. Collins declined this offer and retired. She then filed a grievance with the School Board seeking reinstatement to her previous position at Patterson, but the School Board did not reinstate her.[2]
Collins then filed suit in federal district court, alleging race and age discrimination under Title VII of the Civil Rights Act of 1964 (“Title VH”), 42 U.S.C. § 2000e et. seq., and the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 621 et. seq., respectively. After discovery, the School Board moved for summary judgment. The district court granted the motion and entered judgment in favor of the School Board. Collins appeals that judgment.
II.
A.
We review the district court’s grant of summary judgment de novo. Nader v. Blair, 549 F.3d 953, 958 (4th Cir.2008). Summary judgment is appropriate where, viewing the evidence in the light favorable to the non-moving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id.
B.
As did the district court, we analyze Collins’s claims under the framework developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (analyzing race discrimination claim); see also Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir.2004) (applying McDonnell Douglas framework to age discrimination claim). Under this framework, Collins bears the initial burden of establishing a prima facie case by producing evidence that (1) she is a member of a protected class, (2) she suffered an adverse employment action,[3] (3) she was performing satisfactorily at the time of her adverse employment action, and (4) the adverse employment action occurred “under circumstances which give rise to an inference of unlawful discrimination.” Miles v. Dell, Inc., 429 F.3d 480, 484-87 (4th Cir.2005) (quoting Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). If Collins establishes a prima facie case, the burden shifts to the School Board to set forth a legitimate, non-discriminatory reason for the adverse employment action. Price v. Thompson, 380 F.3d 209, 212 (4th Cir.2004). Then, to avoid summary judgment, Collins must produce evidence that the School Board’s stated reason for the adverse action is pretextual. Id. However, “[t]he ultimate burden of persuading the trier of fact that the [School Board] intentionally discriminated against [Collins] re *272 mains at all times with [Collins].” Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), quoting Burdine, 450 U.S. at 253, 101 S.Ct. 1089.
In analyzing the School Board’s motion, the district court began by assuming that Collins established a prima facie case of age and race discrimination. The court then found that the School Board offered a legitimate, non-discriminatory reason for the adverse action: it transferred Collins because D’Anna interpreted Collins’s letter as a request for a transfer. Finally, the district court concluded that Collins failed to produce evidence that the School Board’s explanation was pretextual and thus granted summary judgment in favor of the School Board.
On appeal, Collins contends that the district court erred by concluding that she failed to produce evidence that the School Board’s explanation for transferring her was pretextual. Collins also contends that the district court improperly applied a “pretext-plus” standard by requiring that she produce evidence that the School Board’s stated reason for the transfer was pretextual and evidence that discrimination was the actual reason for the transfer. As explained below, none of these contentions requires reversal. Accordingly, we affirm.
1.
We first address Collins’s race discrimination claim. With regard to that claim, we conclude that Collins failed to establish a prima facie case, and, for that reason, we affirm the district court’s entry of summary judgment.[4]
As explained above, to establish the fourth element of her prima facie case, Collins must show that her transfer occurred “under circumstances which give rise to an inference of unlawful discrimination.” Burdine, 450 U.S. at 253, 101 S.Ct. 1089. Usually, a plaintiff does so by showing that she was replaced by an individual outside her protected class, Miles, 429 F.3d at 486, which is what Collins attempts here. Specifically, Collins contends that she was replaced as Department Head by Kelly Flores, a Caucasian. However, the record evidence does not support that contention. The evidence Collins cites for her contention is testimony from another teacher, Erika Edwards, who stated that it “seemed” that Flores had replaced Collins as Department Head because Flores began working out of the office Collins had occupied and became “kind of the go-to” teacher when other teachers had questions. J.A. 769. However, Flores denied that she took on the responsibilities of a Department Head, and D’ Anna testified that Patterson did not fill the position after Collins transferred. This record is insufficient to support an inference that Flores replaced Collins as Department Head. Therefore, Collins failed to establish the fourth element of her prima facie case of race discrimination. Accordingly, we affirm the district court’s entry of summary judgment on the race discrimination claim.
2.
We next turn to Collins’s age discrimination claim. On this claim, she has established a prima facie case of discrimination by producing evidence to establish all elements of her prima facie case, including that she was replaced as Director of the Twilight Program by a person out *273 side the protected class. However, we agree with the district court’s conclusion that Collins produced no evidence that the School Board’s explanation for its action was pretextual. Accordingly, we affirm.
Collins asserts that a number of factors support her claim of pretext, but we discuss only one.[5] Collins contends the School Board’s explanation that she requested a transfer is inconsistent with the Human Resources Change Form which indicated the transfer was a demotion and did not indicate that the transfer was voluntary. However, the administrative record of the transfer does not support an inference of pretext.
D’Anna has consistently asserted that she interpreted Collins’s letter as a transfer request, an interpretation that we consider a reasonable one under the circumstances. Thus, even if the School Board mistakenly interpreted the letter as such a request, this mistake is not evidence of pretext or discrimination. Price, 380 F.3d at 215 n. 1 (“[M]ere mistakes of fact are not evidence of unlawful discrimination.”); see also Jordan v. Summers, 205 F.3d 337, 344 (7th Cir.2000) (“Pretext is a lie, not merely a mistake.”). The Human Resources Change Form which Bonn completed is not inconsistent with this explanation. Bonn believed that Collins had requested the transfer, but Bonn still marked the “demotion” box on the Human Resource Change Form because of the pay decrease.[6] Further, he did not mark the “voluntary transfer” box because he lacked the requisite paperwork. There is no testimony that either of these boxes was marked as it was because anyone associated with the school thought the transfer was not voluntary. Given this uncontra-dicted explanation, the form is not inconsistent with the School Board’s explanation for the transfer and is not evidence of pretext. See Hearn v. R.R. Donnelley & Sons Co., 739 F.2d 304, 308 (7th Cir.1984) (no inference of pretext where defendant gave uncontradicted explanation of potentially “ ‘suspicious circumstances’ ” surrounding personnel documents). Accordingly, we conclude that Collins failed to produce evidence of pretext.[7]
*274 III.
For the foregoing reasons, we affirm the district court’s entry of summary judgment in favor of the School Board.
AFFIRMED.

. Collins argues that the doctrine of collateral estoppel required the district court to accept the facts found by a Hearing Examiner who took evidence in a grievance that Collins filed after her retirement. The district court found that collateral estoppel did not apply, and we agree. Even if Maryland law requires courts to give preclusive effect to an administrative agency’s decision, Neifert v. Dep’t of Env't, 395 Md. 486, 910 A.2d 1100, 1112 (2006), the facts that Collins contends have preclusive effect are contained in a Hearing Examiner’s recommendation that the School Board eventually rejected. Therefore, the facts do not represent an administrative agency's decision, and they have no preclusive effect.

. The grievance did not allege race or age discrimination but merely claimed that the action was "arbitrary and capricious.” J.A. 627.

. Collins argues that the transfer constituted a constructive discharge. We need not address that contention because, for our analysis, we will assume that the transfer, along with the accompanying pay decrease and failure to be reappointed as Director of the Twilight Program, was an adverse employment action within the meaning of Title VII and the ADEA.

. We may affirm for any reason appearing on the record, even if that reason was not the basis of the district court's opinion. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992).

. Collins’s other claims here either address her race discrimination claim or are otherwise irrelevant to her age discrimination claim.

. We note that a demotion is not itself proof that the transfer is not voluntary.

. The dissent misconstrues our opinion in a number of ways. For instance, the dissent asserts that we "proclaim the School Board’s rationale 'uncontradicted’." We do not; we merely point out that the School Board’s explanation of its administrative record is un-contradicted, which is true. Further, we do not ”credit[] the School Board’s side in this dispute.” We have not weighed the School Board’s explanation against Collins’s allegations and decided which is more credible. Under our analysis, which is appropriate whenever there is a question of possible pretext, we take the explanation offered by the employer and examine it in light of any contrary evidence in the record. That process does not "credit,” but instead tests, the School Board’s rationale.
The dissent uses what it sees as inconsistencies by the School Board to help create an inference of age (but not race) discrimination. Even if we were to find those "inconsistencies” in the record, they would be insufficient to create such an inference. The ultimate burden of persuasion rests with the plaintiff, Reeves, 530 U.S. at 143, 120 S.Ct. 2097, and such inconsistency without more is not enough. Id. at 148, 120 S.Ct. 2097 ("Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfin-der could conclude that the action was discriminatory.”); see also Price, 380 F.3d at 217 n. 5 (“although Reeves will allow a plaintiff to survive summary judgment without presenting independent evidence of discrimination ..., it will permit this only where the other evidence of discrimination ... ensure[s] that *274 the employer is held liable for unlawful discrimination and not merely for inconsistent statements.”); Millbrook v. IBP, Inc., 280 F.3d 1169, 1183 (7th Cir.2002) (explaining that, even if the plaintiff had produced evidence of pretext, that evidence alone would not entitle the plaintiff to a jury determination because "[tjhere is absolutely no other evidence of intentional discrimination — not one racist comment, nor any harassment.”); Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 94 (2d Cir.2001) (assuming that the plaintiff had produced evidence of pretext but still affirming summary judgment for the defendant because the evidence of pretext alone was "not enough to permit a jury to find that the real reason [plaintiff] was fired was his age” in light of evidence to the contrary).